# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAFAEL RUIZ-FIGUEROA** : | |
|     Petitioner, : | |
| : | |
| v. : | **CIVIL ACTION NO. 18-2975** |
| : | |
| **SUPT. MICHAEL CLARK,** *et al.* : | |
|     Respondents. : | |

## ORDER

Petitioner, who is proceeding *pro se*, seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. The Petition was referred to Magistrate Judge Carole Sandra Moore Wells, who has issued a Report and Recommendation ("R&R") that the petition be dismissed as time-barred. Petitioner has filed objections to the R&R. Upon careful, *de novo* review of the record, the Court agrees that the Petition was filed too late.

By pleading guilty to criminal homicide and attempted criminal homicide in the Lehigh County Court of Common Pleas, Petitioner admitted that he entered the home of his former girlfriend in Allentown, Pennsylvania and, while his infant son slept upstairs, repeatedly stabbed his former girlfriend, who barely survived the attack, and her mother, who died.[1] Petitioner waived a jury trial to determine the degree of guilt, and after a four-day hearing, the trial court found him guilty of murder in the first degree, and sentenced Petitioner to life imprisonment without the possibility of parole, with a consecutive term of 20 to 40 years of imprisonment for attempted murder. Petitioner appealed and the Pennsylvania Superior Court affirmed the

---

[1] The background facts and procedural history are taken from the decision affirming the denial of Petitioner's PCRA petition. *Commonwealth v. Ruiz-Figueroa*, No. 3118 EDA 2016 slip op. (Pa. Super. Ct. Jan. 12, 2018).

judgment of sentence on October 5, 2012. Petitioner sought relief under the Pennsylvania Post Conviction Relief Act ("PCRA")[2], and the PCRA court reinstated his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court *nunc pro tunc*. The Pennsylvania Supreme Court denied the petition for allowance of appeal on June 25, 2014. On May 13, 2015, Petitioner filed a timely PCRA petition. Appointed counsel filed a motion to withdraw and a letter stating that the petition had no merit. The PCRA court granted the motion to withdraw and stated its intent to dismiss the petition, which Petitioner opposed *pro se*. After the PCRA court dismissed the petition, Petitioner filed a timely *pro se* appeal to the Pennsylvania Superior Court, which affirmed by an opinion dated January 12, 2018. Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. On July 11, 2018, Petitioner filed the Petition seeking relief under 28 U.S.C. § 2254 in this Court.

As set forth in the R&R, the Petition is untimely. Petitioner had one year to file the Petition once his conviction became final.[3] That one-year period is tolled by statute for any periods when a timely PCRA petition is pending.[4] Therefore, the Petition had to be filed by June 25, 2018.[5] Petitioner did not place the Petition into the prison mailing system until July 11, 2018, 16 days too late.

---

[2] 42 Pa. Cons. Stat. Ann. §§ 9541-46.

[3] 28 U.S.C. § 2244(d)(1).

[4] 28 U.S.C. § 2244(d)(2).

[5] The time is calculated as follows: The Pennsylvania Supreme Court denied the petition for allowance of appeal on June 25, 2014. The conviction became final 90 days later on September 23, 2014, when the time to file a petition for a writ of *certiorari* with the United States Supreme Court expired. Petitioner filed his PCRA petition 231 days after that, on May 13, 2015, and the Pennsylvania Superior Court affirmed the denial of relief on January 12, 2018. Petitioner had 30 days to file a petition for allowance of appeal with the Pennsylvania Supreme Court; because he did not do so, the clock started again after the 30-day period, or on February 11, 2018. Petitioner had 134 days remaining, or until June 25, 2018, to file a timely petition under § 2254 in this Court. Due to an arithmetic error, the R&R calculated the date as June 15, 2018. R&R at 4 (stating that 231 days had expired, leaving 124 days).

2

Where a petition is filed outside the statutory period, but the petitioner can show that he diligently pursued his rights and that extraordinary circumstances prevented him from filing a timely petition, equitable tolling may apply.[6] Petitioner asserts that he suffers from neuro-psychological disorders and is housed "at the state corrections mental health facility at Albion."[7] Petitioner also states that he is a non-English speaking person, and that the petition was filed with the assistance of another prisoner.[8] Mental illness, or even mental incompetence, "is not a *per se* reason to toll the statute of limitations, but tolling may be appropriate if there is evidence that an individual's mental status prevented him from asserting his rights."[9] The "inability to read or understand English, combined with the denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling."[10]

Here, over a period of several years, Petitioner has filed *pro se* a timely PCRA petition and a timely appeal to the Pennsylvania Superior Court, which apparently were filed when Petitioner was at SCI-Albion, as he is now.[11] Given his demonstrated ability to pursue various avenues of relief in a timely manner, Petitioner has "pointed to no facts suggesting the kind of reasonable diligence necessary to warrant equitable tolling of the limitations period."[12] After the Superior Court affirmed the dismissal of his PCRA petition on January 12, 2018, Petitioner had

---

[6] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[7] Objections [Doc. No. 20] at 10.

[8] *Id.* at 10-11.

[9] *United States v. Johnson*, 734 F. App'x 153, 159 (3d Cir 2018) (internal citation omitted).

[10] *Pabon v. Superintendent, SCI-Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011).

[11] Petitioner assets that he has been at SCI-Albion since his conviction. Petition [Doc. No. 1] at ECF page 25 of 35.

[12] *Maysonet v. Superintendent Phoenix SCI*, No. 19-1608, 2019 WL 4440081, at *1 (3d Cir. Sept. 4, 2019) (citing *Pabon*, 654 F.3d at 398).

several months to file the Petition in this Court before the statute of limitations expired, and the objections to the R&R do not identify any specific reasons why he could not have filed the Petition by June 25, 2018, a few weeks earlier than he did, which would have made it timely. Instead, the objections focus on Petitioner's arguments on the merits, which the Court cannot consider as the Petition is time-barred.

**AND NOW,** this 10th day of October 2019, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the R&R of United States Magistrate Judge Carol Sandra Moore Wells [Doc. No. 16], and the objections thereto, and for the reasons stated above, it is hereby **ORDERED** that:

1. The Objections are **OVERRULED**;
2. The R&R is **APPROVED** and **ADOPTED**; and
3. The Petition will be dismissed by separate Order.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**